## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
December 3, 1928.

No. 5276.

John J. King, J. Q. Mahaffey, and J. I. Wheeler, all of Texarkana, Tex. (E. B. Perkins, of Dallas, Tex., on the brief), for appellant.

Randolph Bryant, U. S. Atty., of Sherman, Tex., and James O. Tolbert, Special Asst. U. S. Atty., of Washington, D. C.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a suit to recover a penalty for hauling and using a defective railroad car, in violation of the Safety Appliance Act, as amended by section 4 of the Act of April 14, 1910, U. S. C. tit. 45, § 13 (45 USCA § 13).

Section 2 of the quoted act (45 USCA § 11) makes it unlawful for any common carrier subject to its provisions to haul or use any car not equipped with safety appliances. Section 4, which imposes a penalty for each and every violation, contains the following proviso:

"Provided, that where any car shall have been properly equipped, as provided in this act and the other acts mentioned herein, and such equipment shall have become defective or insecure while such car was being used by such carrier upon its line of railroad, such car may be hauled from the place where such equipment was first discovered to be defective or insecure to the nearest available point where such car can be repaired, without liability for the penalties imposed, * * * if such movement is necessary to make such repairs and such repairs cannot be made except at such repair point." 36 Stat. 298.

The evidence shows without conflict that appellant railroad company was subject to the provisions of the act, and that the safety appliance on the car complained of was defective. The only error assigned is

based on the refusal of the trial court to direct a verdict for appellant.

The car with the defective coupler was hauled a distance of 60 miles, from Mt. Pleasant to Commerce. Appellant had a force of men to repair engines at Mt. Pleasant and repair shops at Commerce, but the defect was such that it was unnecessary to take the car to the repair shop, and it was repaired without doing so within a few minutes at Commerce. There was no evidence that the defect had been discovered by appellant until it was pointed out to a car foreman by an inspector employed by the Interstate Commerce Commission.

Appellant did not bring itself within the protection of the above-quoted proviso of section 4 of the act of 1910, because it failed to adduce evidence tending to show that the car became defective while upon its line of railroad, or that the repairs could not have been made without moving the car to a repair point. Appellant was under the absolute duty to discover defects and make repairs, and it could not be excused by showing the exercise of reasonable care to make discovery. St. Louis Iron Mt. & S. Ry. Co. v. Taylor, 210 U. S. 281, 28 S. Ct. 616, 52 L. Ed. 1061; U. S. v. Trinity, etc., Ry. Co. (C. C. A.) 211 F. 448; Southern Pacific Co. v. U. S. (C. C. A.) 23 F.(2d) 61. The evidence conclusively shows that the defective car was hauled by appellant over its line of railroad in violation of the Safety Appliance Act.

The judgment is affirmed.